IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:97CR49 |
| | § | |
| NANCY THETFORD | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 22, 2009 to determine whether the Defendant violated her supervised release. The Defendant was represented by Denise Benson. The Government was represented by Terri Hagan.

On December 22, 1997, the Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to 5 years probation, to run concurrently with the term of probation imposed in Case No. 4:97cr51, for the offense of False Statements or Entries to the Government. On June 5, 2000, the term of probation was revoked and Defendant was sentenced to 21 months imprisonment, followed by a 3-year term of supervised release. Defendant's most recent supervision commenced on May 9, 2006.

On May 1, 2009, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 55). The petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state or local crime; (2) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first 5 days of each month; (3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (4) Defendant shall notify the

1

probation officer 10 days prior to any change in residence or employment; (5) Defendant shall notify, as directed by the probation officer, third parties of risks that may be occasioned by Defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm Defendant's compliance with such notification requirement; (6) Defendant shall not be employed in an fiduciary capacity or any position allowing access to credit or personal financial information of others, unless Defendant's employer is fully aware of the offense of conviction and the U.S. Probation Officer approves; (7) Defendant shall maintain not more than one business and/or one personal checking account, and shall not open, maintain, be a signatory on, or otherwise use any other financial institution account without the prior approval of the U.S. Probation Officer; and (8) Defendant shall not transfer, sell, give away or otherwise convey and asset with a value of $500 or more without the approval of the U.S. Probation Officer.

The petition alleges that Defendant committed the following violations: (1) from June 25 until December 24, 2008, Defendant intentionally, with the intent to defraud, passed a total of nine checks totaling approximately $7,911.04 on the account of GEM Therapeutics, her employer, and deposited the checks into her personal checking account at Wachovia Bank, Defendant was charged with three counts of Forgery of a Financial Instrument, in violation of Texas Penal Code § 32.21(D), state jail felonies, on April 22, 2009, Defendant was arrested on warrants stemming from these allegations, and the matters remain pending in Tarrant County, Texas; (2) Defendant, without prior approval from her U.S. Probation Officer, began employment with GEM Therapeutics, aka Natural Therapeutics, on or about April 30, 2008, and continuing until on or about December 24, 2008, Defendant did not make third-party risk notification to her employer, Defendant's employment involved complete access to banking records of GEM Therapeutics, Defendant did not notify her

probation officer of the initial hiring or her termination, each monthly report form filed with the probation office during the 8-month period of employment at GEM Therapeutics falsely stated an omission of this employment, and Defendant's monthly earnings were falsely stated on monthly report forms during her employment; (3) Defendant maintained a bank account at Wachovia Bank, which was not reported to her probation officer, Defendant falsely stated on monthly reports during the months of May 2008 until April 2009 that she maintained only one bank account at Frost Bank, and, from April through December 2008, Defendant had access to checking accounts of GEM Therapeutics at Forth Worth Telco Credit Union; and (4) Defendant provided false monthly report forms to her probation officer concealing the fact that she earned $1,410.50 between April 30 and December 24, 2008 at GEM Therapeutics, Defendant falsified monthly report forms during the months of May through December 2008, concealing income in the amount of $7,911.04, derived from her nine acts of forgery on the accounts of her employer, GEM Therapeutics, Defendant submitted a falsified monthly report form on April 22, 2009, when she listed having no expenditures over $500 but in fact had paid $7,000.00 to the owner of GEM Therapeutics on April 17, 2009 in an alleged effort to pay back part of the money taken through the forged checks.

At the June 22, 2009 hearing, Defendant entered a plea of true to the allegations set forth in paragraphs (2), (3), and (4) above. Defendant did not plead true to the facts pertaining to the alleged violation of federal, state or local law, and the state forgery charges against Defendant remain pending.

As to the forgery charges, Government offered the testimony of David Stout, U.S. Probation Officer. Stout testified that Defendant forged checks on her employer's bank account, and he identified the nine checks forged by Defendant, which were offered and admitted into evidence.

3

Stout testified that, when he later questioned her, Defendant acknowledged that she signed the nine checks without the authority of her employer, but Defendant declined to sign a written statement indicating this. Upon cross-examination, Stout testified that Defendant paid $7,000 back to her employer in an effort to have the forgery charges dropped, but that the charges were not dropped and remain pending.

The Court finds Defendant violated the terms of her supervised release by violating all conditions alleged to have been violated, including those set forth in paragraph (1) of the factual allegations regarding forgery. In light of this finding, and having heard the arguments of counsel, the Court further finds that Defendant falls into a criminal history category of 5.

After hearing argument from counsel as to the proposed sentence, the Court recommends that Defendant's supervised release be revoked based on those violations.

The Defendant did not waive her right to object to this Court's report and recommendations or her right to allocute before the district judge.

## **RECOMMENDATION**

The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, to run concurrently with the eight (8) months term of imprisonment in Cause Number 4:97cr51 and consecutively with the ten (10) months term of imprisonment in Cause Number 4:00cr12 and the twenty four (24) months term of imprisonment in Cause Number 4:02cr101, with no supervised release to follow.

The Court further recommends that Defendant be required to pay outstanding restitution in the combined amount for this matter and Cause Number 4:97cr51 of $1,146.087.73, as set forth in this Court's prior judgment, in addition to any restitution outstanding in other matters.

The Court further recommends that Defendant's term of imprisonment be carried out in Fort Worth's Carswell facilities, if appropriate.

**SIGNED this 29th day of June, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE